IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

IN RE:                                          )
                                                )
Michael B. Nifong,                              )     Case No. B-08-80034 C-7D
                                                )
            Debtor.                             )
_____)

TRUSTEE'S MOTION FOR APPROVAL OF COMPROMISE AND SETTLEMENT
OF CONTROVERSY

       COMES NOW, Sara A. Conti, duly appointed and acting Trustee of the above-named Chapter 7 Debtor, and files this Motion for Approval of Compromise and Settlement of Controversy, and in support of the Motion respectfully shows the following:

1. On January 15, 2008, the above-referenced Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code, and Sara A. Conti was appointed to act as Trustee.

2. This Court has jurisdiction over this case pursuant to 28 U.S.C. Section 1334. Venue is proper in this district pursuant to 28 U.S.C. Section 1409(a). This is a core proceeding pursuant to 28 U.S.C. Section 157.

3. Although inadvertently omitted from the Debtor's assets in his Chapter 7 bankruptcy petition, under examination at his creditor's meeting, pursuant to Section 341 of the U.S. Bankruptcy Code, the Debtor testified that he owns, and would like to keep, a Paul Reid Smith guitar, a Fender Deluxe guitar, and a Martin guitar ("the Guitars").

4. At the Trustee's request, the Debtor obtained two appraisals of the Guitars, from two independent appraisers. According to the higher of the two appraisals, the total value of the Guitars is $3,389.00. The Trustee is of the opinion that the value of the Guitars is approximately $3,500.00.

5. The Debtor desires to retain the Guitars and has offered to pay the Trustee the full appraised value of the Guitars, $3,389.00, in consideration for the interest of the estate. The Trustee has been unable to sell the Guitars to a third-party, and believes that a sale of the estate's interest in the Guitars to the Debtor is preferable to attempting to market and sell the Guitars to a third party.

6. The Trustee and the Debtor desire to reach a settlement of the issue, and the Trustee submits that the proposed settlement is fair and reasonable and in the best interest of the estate of the Debtor.

7. Under Rule 9019 of the Federal Rules of Bankruptcy Procedure, the Trustee must obtain Court approval of the settlement of any controversy arising in the administration of the estate. Case law developed under that Rule and former Bankruptcy Rule 919 has established the factors that the Court must consider in approving proposed settlements, and the Trustee respectfully submits that each of those factors weighs in favor of approval of the settlement proposed herein.

WHEREFORE, the Trustee prays the Court to approve the settlement described in this Motion, and for such other and further relief as the Court deems just and proper.

This the 7th day of May, 2008.

                                              S/Sara A. Conti
                                             Sara A. Conti, NCSB # 9789
                                             Post Office Box 939
                                             Carrboro, North Carolina 27510
                                             Telephone: 919-306-1713

CERTIFICATE OF SERVICE

This is to certify that the foregoing Motion to Approve Compromise and Settlement was served upon the following by depositing copies thereof, postage pre-paid, in the United States Mail, addressed to:

>Michael D. West
>U.S. Bankruptcy Administrator
>Post Office Box 1828
>Greensboro, North Carolina 27402
>
>James B. Craven, III
>Post Office Box 1366
>Durham, North Carolina 27702

This the 7th day of May, 2008.

S/Sara A. Conti