UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

IN RE: )
)
Michael B. Nifong, ) Case No. 08-80034C-7D
)
Debtor. )

## MEMORANDUM OPINION

This case came before the court on April 24, 2008, for hearing on the Motion of David F. Evans, Collin Finnerty, and Reade Seligmann ("Movants") for Relief from the Automatic Stay and for a Stay of Adversary Proceeding ("Motion for Relief"). Charles Davant IV appeared on behalf of Movants David F. Evans and Collin Finnerty, David S. Rudolf appeared on behalf of Movant Reade Seligmann, and James B. Craven III appeared on behalf of the Debtor. Having considered the motion, the briefs filed by the parties and the arguments of counsel, the court finds that the Movants are entitled to have their Motion for Relief granted for the reasons that follow.

## FACTS

This Chapter 7 case was commenced on January 15, 2008, when the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. When this case was commenced, the Debtor was one of sixteen defendants in a civil action brought by the Movants in the United States District Court for the Middle District of North Carolina ("the Civil Action"). In their complaint in the Civil Action the Movants allege twelve claims against the Debtor

consisting of eight claims under federal law (malicious prosecution and seizure in violation of 42 U.S.C. § 1983; concealment of evidence and seizure in violation of 42 U.S.C. § 1983; fabrication of false evidence and seizure in violation of 42 U.S.C. § 1983; false public statements and seizure in violation of 42 U.S.C. § 1983; conspiracy in violation of 42 U.S.C. § 1983; conspiracy to obstruct justice in violation of 42 U.S.C. § 1985(2); conspiracy to tamper with witnesses in violation of 42 U.S.C. § 1985(2); conspiracy to obstruct justice in violation of 42 U.S.C. § 1985(3)) and four claims under North Carolina law (malicious prosecution; obstruction of justice; intentional infliction of emotional distress; and conspiracy).

On April 8, 2008, the Movants commenced an adversary proceeding in this court in which they seek an adjudication that the damages recoverable from the Debtor pursuant to the claims alleged in the Civil Action constitute debts for willful and malicious injury to the Movants by the Debtor and are nondischargeable pursuant to section 523(a)(6) of the Bankruptcy Code (the "Dischargeability Proceeding").

In the Motion for Relief which also was filed on April 8, 2008, the Movants request that the court modify the automatic stay and permit them to proceed with the prosecution of the Civil Action in the district court in order to liquidate their claims against

the Debtor.[1] The Movants also request that the court stay further proceedings in the Dischargeability Proceeding pending the outcome of the Civil Action.

The Debtor opposes the relief sought by the Movants. While conceding that the claims asserted by the Movants must be adjudicated somewhere before this court can determine the dischargeability issues raised in the Dischargeability Proceeding, the Debtor contends that the automatic stay should be left in place and that the Movants' claims should be litigated in this court in the Dischargeability Proceeding.

## ANALYSIS

Subsection (d) of section 362 sets forth the procedure and criteria for the lifting or modification of the automatic stay. Under this provision, the court may grant relief from the automatic stay "for cause." Ordinarily, in deciding whether to lift the stay as to litigation pending in another forum, the court must balance potential prejudice to the debtor and the debtor's estate if the stay is lifted and litigation is permitted to proceed in another forum against the hardships that will be experienced by the moving

---

[1] Section 362(a)(1) of the Bankruptcy Code deals with the commencement or continuation of litigation against a debtor who has commenced a bankruptcy case. This provision stays the commencement or continuation of a judicial, administrative or other action or proceeding against the debtor "that was or could have been commenced before the commencement of the case. . . ." This provision is applicable to and stays the Civil Action since the Civil Action was pending when this case was commenced.

- 3 -

party if relief is denied and the moving party is required to pursue the litigation in the bankruptcy court. In re Robbins, 964 F.2d 342, 345 (4th Cir. 1992). Such balancing, however, is not required in the present case because of a jurisdictional limitation that is applicable in this case. Such limitation arises under 28 U.S.C. § 157(b)(5) which provides:

> The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in which the claim arose. . . .

Pursuant to this provision, if there are claims in the Civil Action that are "personal injury torts", such claims must be tried in the district court and not in this court. Leatham v. Von Volkmar (In re Volkmar), 217 B.R. 516, 565 (Bankr. N.D. Ill. 1998) ("[T]he plain language of 28 U.S.C. § 157(b)(5) flatly prohibits a bankruptcy court from adjudicating and liquidating a personal injury claim even when brought within a dischargeability proceeding."); Williamson v. Patterson (In re Patterson), 150 B.R. 367, 368 (E.D. Va. 1993) ("Congress has mandated trial in the district court of personal injury tort actions . . . and thereby specifically excepted such actions from bankruptcy court jurisdiction."). The question that remains is whether there are claims in the Civil Action that are "personal injury torts" for purposes of 28 U.S.C. § 157(b)(5).

Unfortunately, the term "personal injury tort" is not defined

- 4 -

in either title 11 or title 28, and there is almost no helpful legislative history. As a result, a split of authority exists as to what constitutes a personal injury tort claim for purposes of section 157(b). See In re Ice Cream Liquidation, Inc., 281 B.R. 154, 160 (Bankr. D. Conn. 2002) (discussing the divergent views).

Some courts interpret the term narrowly, holding that a tort must involve trauma or bodily injury before it can be classified as a personal injury tort for purposes of section 157(b). E.g., Cohen v. Perino (In re Cohen), 107 B.R. 453, (S.D.N.Y. 1989) (finding that "personal injury tort" should be defined "in the traditional, plain-meaning sense of those words, such as a slip and fall, or a psychiatric impairment beyond mere shame and humiliation" because "[t]here is no legislative history that would bring . . . a tort without trauma within the statutory exception for a personal injury tort"); In re Atron Inc. of Michigan, 172 B.R. 541 (Bankr. W.D. Mich. 1994) (finding that personal injury torts within the meaning of section 157(b)(5) are those torts within the "traditional, plain meaning sense of the words personal injuries" as opposed to the "emotional distress and humiliation of nontraditional personal torts" which are not personal injury torts as contemplated by section 157(b)). It is not entirely clear whether these decisions turn on whether the tort is a traditional tort where injury to the physical person of the plaintiff is an essential element of the tort as distinguished from non-traditional torts involving an

invasion of a personal right where injury to physical person of the plaintiff is not an essential element or whether they require only that a plaintiff have bodily injury without regard to the nature of the tort. If the requirement under these decisions is only that a plaintiff have bodily injury without regard to whether the tort is a traditional or non-traditional tort, then the claims in the Civil Action constitute personal injury torts under these decisions because the Movants allege bodily injury in each of their claims. The complaint in the Civil Action alleges that Movants have suffered physical harm and emotional trauma as well as economic loss, loss of liberty, loss of privacy, loss of education, and irreparable harm to their reputations. Although the allegations of harm are not elaborate, they are sufficient to reflect that the Movants are claiming that they suffered bodily injury and emotional trauma as a result of the Debtor's actions. If, however, the requirement under these decisions is that a "personal injury tort" pursuant to section 157(b)(5) must be a traditional tort where bodily injury is an essential element, the claims alleged by the Movants probably do not qualify as "personal injury torts" under section 157(b)(5) under this line of authority. The decision to grant relief from the stay in this case, however, is not dependent upon a parsing of the decisions in this line of authority because this court does not believe that Congress intended such a narrow reading when it enacted section 157(b)(5).

The line of authority that interprets the term "personal injury tort" more broadly find that a personal injury tort "encompasses 'any injury which is an invasion of personal rights and . . . may include such injuries to the person as libel or slander, criminal conversion, malicious prosecution, false imprisonment, and mental suffering.'" E.g., Volkmar, 217 B.R. at 566 (quoting Blacks Law Dictionary 786 (6th ed. 1990)). See also Boyer v. Balanoff (In re Boyer), 93 B.R. 313, 317 (Bankr. N.D.N.Y. 1988) (finding that personal injury tort "includes damage to an individual's person and any invasion of personal rights, such as libel, slander, and mental suffering"). This court agrees with the conclusion in these decisions that a personal injury tort is not limited to "traditional" torts in which the plaintiff has received physical trauma or impact such as a slip and fall or assault resulting in bodily injury. In drafting section 522(d)(11) of the Bankruptcy Code Congress referred to "personal *bodily* injury" (emphasis supplied) and, presumably would have used the same language in section 157(b)(5) had it intended to limit that section to torts involving bodily injury. See In re Ice Cream Liquidation, Inc., 281 B.R. at 160. Thus, without attempting to delineate the outer limits of what may constitute a personal injury tort, the court is satisfied that the claims alleged in the Civil Action include "non-traditional" tort claims that constitute personal injury torts for purposes of 28 U.S.C. § 157(b)(5) which may not be

- 7 -

Case 08-80034   Doc 38   Filed 05/27/08   Page 7 of 13

tried in the bankruptcy court.

Five of the twelve causes of action asserted against the Debtor in the Civil Action are claims for deprivation of civil rights brought pursuant to 42 U.S.C. § 1983. The Supreme Court of the United States has held that all causes of action brought pursuant to section 1983 are best characterized as "personal injury actions" for purposes of determining the applicable statute of limitations. Wilson v. Garcia, 471 U.S. 261, 280 (1985). The Court's rationale was as follows:

> "In essence, § 1983 creates a cause of action where there has been injury, under color of state law, to the person or to the constitutional or federal statutory rights which emanate from or are guaranteed to the person. In the broad sense, every cause of action under § 1983 which is well-founded results from 'personal injuries.'"

Id. at 278 (quoting Almond v. Kent, 459 F.2d 200, 204 (4th Cir. 1972)). Although neither the Supreme Court nor the Court of Appeals for the Fourth Circuit has addressed whether claims brought pursuant to 42 U.S.C. § 1983 constitute personal injury tort claims for purposes of 28 U.S.C. § 157(b), both Courts concluded that such claims constitute personal injury actions for purposes of determining the appropriate statute of limitations. This court discerns no reason why the analysis set forth in Wilson and Almond, which constitute binding precedent, should not apply in determining whether section 1983 claims constitute personal injury tort claims for purposes of 28 U.S.C. § 157(b)(5). "It would be a strange

Case 08-80034   Doc 38   Filed 05/27/08   Page 8 of 13

anomaly to adopt the personal injury tort statute of limitations for civil rights actions and then hold such term under § 157(b) . . . means something altogether different when non-core jurisdiction is at issue." Moore v. Idealease of Wilmington, 358 B.R. 248, 252 (E.D.N.C. 2006) (quoting In re Gary Brew Enters, Ltd., 198 B.R. 616, 620 (Bankr. S.D. Cal. 1996)). See also Gary Brew Enters, Ltd., 198 B.R. at 620 (concluding that the term personal injury tort in section 157 "is the same as applied in civil rights litigation on the use of the appropriate statute of limitations"); In re Patterson, 150 B.R. 367, 368 (E.D. Va. 1993) (withdrawing the reference of the bankruptcy court after finding that the bankruptcy court did not have subject matter jurisdiction with respect to plaintiff's civil rights action brought pursuant to 42 U.S.C. § 1983); Hansen v. Borough of Seaside Park (In re Hanson), 164 B.R. 482, (D.N.J. 1994) (finding that the bankruptcy court lacked subject matter jurisdiction to hear and determine the merits of plaintiff's section 1983 complaint because causes of action brought pursuant to section 1983 constitute personal injury torts within the meaning of section 157); Boyer, 93 B.R. at 318 (construing section 157(b)(5) "to encompass federal and state causes of action for all personal injury tort claims, including those exclusively commenced under §§ 1983 and 1985").[2] Consistent

---

[2] There are cases that reach a contrary conclusion regarding the status of civil rights claims. E.g., Cohen v. Perino (In re

- 9 -

with the foregoing authorities, this court concludes that the five claims asserted against the Debtor that are claims under section 1983 are personal injury torts for purposes of section 157(b)(5) and that this court therefore lacks jurisdiction to adjudicate and liquidate those claims.

Three of the twelve causes of action asserted against the Debtor in the Civil Action are claims for conspiracy to interfere with civil rights brought pursuant to 42 U.S.C. § 1985. Neither the Supreme Court nor the Fourth Circuit Court of Appeals has addressed whether 42 U.S.C. § 1985 claims are personal injury torts in any context, but this court believes that the rationale utilized by the Supreme Court in Wilson and the Fourth Circuit in Almond is persuasive in the context of section 1985 claims as well since these claims are so similar in nature to section 1983 claims. In re Boyer, 93 B.R. at 318 (construing section 157 (b)(5) "to encompass federal and state causes of action for all personal injury tort claims, including those exclusively commenced under

---

Cohen), 107 B.R. 453, (S.D.N.Y. 1989); In re Atron Inc. of Michigan, 172 B.R. 541, (Bankr. W.D. Mich. 1994); Vinci v. Town of Carmel (In re Vinci), 108 B.R. 439, (Bankr. S.D.N.Y. 1989). As discussed in greater detail above, this court has serious doubts that Congress intended for "personal injury torts" as used in section 157(b) to mean only those torts that result from bodily injury. It also appears that these decisions fail to give full effect to the Supreme Court decision in Wilson, 471 U.S. 261 (1985). See Gary Brew Enters., Ltd., 198 B.R. at 618. As a result, this court declines to follow these cases.

- 10 -

Case 08-80034    Doc 38    Filed 05/27/08    Page 10 of 13

§§ 1983 and 1985" after noting "that the similar language of 42 U.S.C. §§ 1983 and 1985 sounds in tort" and that "they create a species of tort liability for the deprivation of federal statutory and constitutional rights by a person acting under color of state law"). This court agrees that the language of sections 1983 and 1985 are so similar and create such similar remedies that if an action brought pursuant to section 1983 is a personal injury tort, then so is an action brought pursuant to section 1985. The court concludes, therefore, that the three claims asserted against the Debtor in the Civil Action that are based upon section 1985 likewise are personal injury torts that must be tried in the district court.

CONCLUSION

If the bankruptcy court lacks jurisdiction to adjudicate a claim, relief from the automatic stay is required so that the claim can be adjudicated in a court that does have jurisdiction. See In re Erickson, 330 B.R. 346 (Bankr. D. Conn. 2005) ("In light of the fact that this court cannot liquidate the discrimination claim, it is readily apparent that the movant is entitled to relief from stay so that she may liquidate the claim."). This court has found that eight of the twelve causes of action asserted against the Debtor in the Civil Action are personal injury torts within the meaning of 28 U.S.C. § 157(b) and that relief from the stay must be granted as to those claims. The court need not decide whether the remaining

- 11 -

claims under North Carolina law constitute personal injury torts because it is clear that all of the claims should be tried in the same case in the same court in the interest of judicial economy and to avoid an unnecessary and undue burden on the parties. Accordingly, the Motion for Relief shall be granted and the automatic stay lifted so that the Movants' claims against the Debtor may be adjudicated in the pending Civil Action. Also, the Dischargeability Proceeding shall be stayed pending further orders of this court. Pursuant to Rule 9021 of the Federal Rules of Bankruptcy Procedure, an order so providing shall be entered contemporaneously with the filing of this memorandum opinion.

This 27th day of May, 2008.

*William L. Stocks*
WILLIAM L. STOCKS
United States Bankruptcy Judge

PARTIES TO BE SERVED

Charles Davant, IV, Esq.
725 12rh Street, NW
Washington, D.C. 20005

David S. Rudolf, Esq.
312 W. Franklin Street
Chapel Hill, NC 27516

James B. Craven, III, Esq.
P.O. Box 1366
Durham, NC 27702

Sara A. Conti, Trustee

Michael D. West, Bankruptcy Administrator